IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. )   CR. NO. 2:06cr00060-WKW-DRB
)
DONALD FORREST MOORE, JR. )

## PLEA AGREEMENT

DEFENSE COUNSEL:                                CHRISTINE FREEMAN

ASSISTANT U.S. ATTORNEY:                        K. DAVID COOKE, JR.

**COUNTS AND STATUTES CHARGED:**

Count 1:        18 U.S.C. § 513(a)

Count 2:        18 U.S.C. § 471

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1:        18 U.S.C. § 513(a)

Count 2:        18 U.S.C. § 471

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count 1:        18 U.S.C. § 513(a):
                NMT 10Y;
                NMT $250,000; Both
                NMT 3Y SUP REL;
                $100 AF; VWPA.

Count 2:        18 U.S.C. § 471:
                NMT 20Y;
                NMT $250,000; Both
                NMT 3Y SUP REL;
                $100 AF; VWPA.

**ELEMENTS OF OFFENSE:**

<u>18 U.S.C. 513</u>:

1. The person possesses a counterfeit security;
2. The security purports to be issued by an organization (private legal entity) affecting interstate commerce
3. With intent to defraud.

<u>18 U.S.C. 471</u>:

1. The person manufactures/forges a counterfeit a federal obligation or security;
2. With intent to defraud.

* * * * * * * * * * * * * * * * * * * * * * * * * *

K. David Cooke, Jr., Assistant United States Attorney, and Christine Freeman, attorney for the defendant, pursuant to the provisions of Rules 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

**GOVERNMENT'S PROVISIONS**

1. Upon the defendant entering a plea of guilty to Counts 1 and 2 of the Indictment, the defendant will receive a two level reduction in the applicable offense level under the provisions of the Federal Sentencing Guidelines § 3E1.1(a) for Acceptance of Responsibility, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.

2. Under FRCP 11(c)(1)(C), the government will recommend that the defendant's sentence not exceed 36 months imprisonment; should the Court decline to follow this recommendation, the defendant will have the right to withdraw his plea.

3. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the indicted offenses and the defendant's background.

4. The government agrees with the defendant, that, subject to the 36 months maximum provided in paragraph "2" of the government's provisions, the defendant shall be sentenced within the applicable guideline range.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

   a. To plead guilty to Counts 1 and 2 of the Indictment;

   b. Not commit any state, local, or federal offense.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

4. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, except the defendant does not waive the right to appeal based upon ineffective assistance of counsel and prosecutorial misconduct.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals defendant's sentence pursuant to 18 U.S.C. § 3742, defendant is released from this waiver.

## FACTUAL BASIS

5. The defendant understands the nature of the charges to which the plea is offered involves proof as follows:

As to Count 1, the defendant admits that on or about the 28th day of October, 2003, in Butler County, in the Middle District of Alabama, and elsewhere, he did knowingly make, utter and possess, a counterfeited security of SouthTrust Bank, a legal entity which operated in and the activities of which affected interstate commerce, with the intent to deceive another person, in violation of Title 18, United States Code, Section 513(a).

As to Count 2, the defendant admits that on or about the 28th day of October, 2003, in Butler County, in the Middle District of Alabama, and elsewhere, with intent to defraud, he did counterfeit, forge, and falsely make, an obligation of the United States, that is, a falsely made, forged and counterfeited twenty-dollar Federal Reserve Note, in violation of Title 18, United States Code, Section 471.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

6. The defendant, before entering a plea of guilty to Counts 1 and 2 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, a $100.00 assessment per count is to be paid by the defendant on the date of

sentencing.

    c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

    d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

    e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    f. Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set

forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

 g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

 h. The defendant further advises the Court that it is understood that the parties have entered into an agreement which is binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant has the right to withdraw the plea should the Court refuse to accept the plea agreement pursuant to Rule 11(c)(1)(C).

 i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

 j. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

 7. The defendant understands that the U.S. Probation Office may prepare a pre-sentence

6

investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the U.S. Attorney.

      Respectfully submitted on this \_\_12\_\_ day of October, 2006.

                              LEURA G. CANARY
                              UNITED STATES ATTORNEY

                              Louis Franklin, Chief
                              Criminal Division

                              K. David Cooke, Jr.
                              Assistant United States Attorney

I have had read to me the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, CHRISTINE FREEMAN.

_____
DONALD FORREST MOORE, JR.
Defendant

10-12-06
Date

_____
CHRISTINE FREEMAN
Attorney for the Defendant

10/12/06
Date

8